J. S44038/19

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| LORI ANN CHAPMAN, | : | No. 426 WDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered February 5, 2019,
in the Court of Common Pleas of Blair County
Criminal Division at No. CP-07-CR-0002378-2017

BEFORE:  SHOGAN, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        FILED FEBRUARY 04, 2020

Lori Ann Chapman appeals from the February 5, 2019 judgment of sentence[1] of six months' probation entered in the Court of Common Pleas of Blair County.  We affirm.

The record reveals that on September 7, 2018, appellant was convicted, in a bench trial, of driving under the influence – general impairment ("DUI"), careless driving, and operating a vehicle without a valid inspection.[2]  The trial court found appellant not guilty of disregard of traffic lane and failure to drive

---

[1] We note that the sentencing order was executed on January 31, 2019, but was not entered on the docket until February 5, 2019.  The caption has been updated to reflect the date the sentencing order was entered.

[2] 75 Pa.C.S.A. §§ 3802(a)(1), 3714 and 4703(a), respectively.

at a safe speed and to use a seatbelt.[3]  On February 5, 2019, appellant was sentenced to six months' probation and ordered to pay fines and costs.

Appellant filed timely post-sentence motions, which the trial court denied.  Appellant subsequently filed a timely notice of appeal.  The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Appellant timely complied.  Thereafter, the trial court filed its Rule 1925(a) opinion.

Appellant raises the following issues for our review:

> I.  Whether the [trial] court erred in finding sufficient evidence to support the verdict because [the] totality of the circumstances did not support a conviction[?]
>
> II.  Whether the [trial c]ourt erred in denying [appellant's] motion for judgment of acquittal as the evidence was not weighty to support a conviction[?]  The totality of the circumstances did not support a conviction.

Appellant's brief at 6.

Appellant first claims the evidence was insufficient to support her conviction.  This court has held that in order to properly preserve a sufficiency of the evidence claim, the Rule 1925(b) statement must specify the element or elements of the crime upon which the evidence is insufficient. Commonwealth v. Williams, 959 A.2d 1252, 1257 (Pa.Super. 2008). Otherwise, the sufficiency claim is waived and neither the Commonwealth's

---

[3] 75 Pa.C.S.A. §§ 3309, 3361, and 4581(a)(2)(i), respectively.

lack of objection nor the trial court's addressing the issue in its Rule 1925(a) opinion obviates waiver.[4]  Id.

Here, a review of appellant's Rule 1925(b) statement demonstrates that appellant failed to identify the element or elements of the crime, as well as the crime, itself, upon which the sufficiency of the evidence is being challenged.[5]  (See appellant's Rule 1925(b) statement, 4/15/19 at ¶ 2(a) (stating, "[t]he [trial] court erred in denying a motion to dismiss because of insufficient evidence").)  Therefore, appellant has waived this issue.

Appellant's second issue raises a challenge to the weight of the evidence to support the DUI conviction.[6]

---

[4] We note that the Commonwealth did not file a brief in this matter.

[5] Although a review of appellant's brief demonstrates that appellant challenges the sufficiency of the evidence as to the element "rendered incapable of safely driving" necessary for a DUI conviction, this does not circumvent waiver of the issue.  (See appellant's brief at 9-10; see also 75 Pa.C.S.A. § 3802(a)(1).)  Moreover, a review of appellant's argument demonstrates that it does not set forth an argument in support of a sufficiency claim but, rather, asks this court to do nothing more than reweigh the evidence in support of a weight claim, discussed infra.

[6] We note that appellant's second issue appears to raise a second claim of insufficient evidence along with a weight claim by alleging that the trial court erred in denying the motion for judgment of acquittal and denying the post-sentence motion.  (See appellant's brief at 6; see also Commonwealth v. Hutchinson, 947 A.2d 800, 805 (Pa.Super. 2008) (stating, "A motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge."), appeal denied, 980 A.2d 606 (Pa. 2009); Commonwealth v. Widmer, 744 A.2d 745, 751 (Pa. 2000) (emphasizing that sufficiency claims and weight claims are two distinct challenges).  A review of appellant's brief and her Rule 1925(b) statement, however, reveals appellant is challenging the weight of the evidence to support her DUI conviction.  (See appellant's brief at 11-12; see also

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the [trial] court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

Commonwealth v. Horne, 89 A.3d 277, 285 (Pa.Super. 2014), citing Widmer, 744 A.2d at 745. The trial court abuses its discretion "where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will." Horne, 89 A.3d at 285-286 (citation omitted). In order for an appellant to prevail on a weight of the evidence claim, "the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." See Commonwealth v. Sullivan, 820 A.2d 795, 806 (Pa.Super. 2003) (citation and internal quotation marks omitted), appeal denied, 833 A.2d 143 (Pa. 2003).

---

appellant's Rule 1925(b) statement, 4/15/19 at ¶ 2(b) (stating, "[t]he [trial] court erred in denying a motion to dismiss because of lack of weight of the evidence").) Moreover, appellant waives a sufficiency claim for the reasons stated previously.

Here, appellant argues the trial court erred in denying her post-sentence motion challenging the weight of the evidence to support a DUI conviction. (Appellant's brief at 11-12.) Specifically, appellant contends the weight of the evidence does not support a finding that she was incapable of safely driving. (Id.) In so doing, appellant's brief sets forth the same argument, verbatim, as was set forth for the sufficiency claim. (Compare id. at 9-10 with 11-12.) At the conclusion of her argument, appellant makes the bald assertion, "the trial court abused its discretion in finding [appellant] guilty." (Id. at 12.)

Appellant's argument, "[t]his may be a close case and it is imperative that this court examine the facts in this case through the lense [sic] of 'incapable of safe driving[,]'" (id.) invites us to do nothing more than reweigh the evidence in an attempt to convince us to reach a result different than the one reached by the trial court. The trial court, as fact-finder, had the duty to determine the credibility of the testimony and evidence presented at trial. See Commonwealth v. Clay, 64 A.3d 1049, 1055 (Pa. 2013) (citations omitted). Appellate courts cannot and do not substitute their judgment for that of the fact-finder. See id. Therefore, we decline appellant's invitation to reweigh the evidence.

Upon review of the record, we discern no abuse of discretion on the part of the trial court in denying appellant's post-sentence motion based on the allegation that the DUI conviction was against the weight of the evidence. Therefore, appellant's claim is without merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/4/2020